# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | |
| **MANUEL ANTUNES** | : | **CHAPTER 7** |
| Debtors | : | **BANKRUPTCY No. 15-16553-mdc** |
| | : | |
| **JUDITH M. ANTUNES, and** | : | |
| **MANUEL ANTUNES, SR.,** | : | |
| Plaintiffs, | : | |
| vs. | : | **ADV. PROC. NO.** |
| **ROBERT H. HOLBER, Chapter 7 Trustee,** | : | |
| **EMIGRANT MORTGAGE COMPANY,** | : | |
| **EMIGRANT RESIDENTIAL, LLC,** | : | |
| f/k/a EMC-LLC, | : | |
| **B/Q RETAINED REALTY, LLC,** | : | |
| and **RETAINED REALTY, INC.** | : | |
| Defendants. | : | |

## COMPLAINT

The Plaintiffs, Judith M. Antunes and Debtor Manuel Antunes, Sr., by and through their counsel, Regional Bankruptcy Center of Southeastern Pennsylvania, P.C., hereby seek return of the $25,000.00 deposit paid in connection with the prospective sale of the property at 360 Pineville Road, Newtown, PA 18940, by Chapter 7 Trustee, Robert H. Holber; Plaintiff/Debtor, Manuel Antunes, seeks compensation in the form of payment to priority and secured creditors by the Trustee in the amount of no less than $30,000.00 that represents his equity in the property at 2104 Brookhaven Drive, Unit 290, Yardley, PA 19067 (hereinafter "Brookhaven"), Plaintiff, Judith M. Antunes, seeks compensation in the amount of no less than $30,000.00 that represents

her equity in Brookhaven, plus Plaintiffs seek damages for the deprivation of their possessory interest in Brookhaven, and replevin and/or compensation for the value of their furniture and other personal property located at Brookhaven owned jointly in the form of a tenancy by the entirities, that was damaged, stolen and/or disposed of intentionally, recklessly, and/or negligently by the Defendants.

**PARTIES:**

1. Plaintiff, Judith M. Antunes, is the non-debtor spouse of the Plaintiff/Debtor, and is an adult individual who resides at 348 Pineville Road, Newtown, PA 18940.

2. The Plaintiff/Debtor, Manuel Antunes, Sr., is the husband of Plaintiff, Judith Antunes, and is an adult individual who resides at 348 Pineville Road, Newtown, PA 18940.

3. Defendant, Emigrant Mortgage Company, 7 Westchester Plaza, Kingsford or Elmsford, NY 10523, believed to be a New York corporation and subsidiary of Emigrant Bank, entered into a mortgage loan transaction with the Plaintiffs on or about February 28, 2008, secured by the Plaintiffs' property at 2104 Brookhaven Drive, Unit 290, Yardley, PA 19067 ("Brookhaven").

4. Defendant, Emigrant Residential, LLC, f/k/a EMC-LLC, is believed to be a subsidiary of and/or successor to Defendant, Emigrant Mortgage Company, with respect to Brookhaven.

5. Defendant, B/Q Retained Realty, LLC, is believed to be a subsidiary of and/or successor to Defendant, Emigrant Mortgage Company and/or Emigrant Residential, LLC, f/k/a EMC-LLC, with respect to Brookhaven.

6. Defendant, Retained Realty, Inc. is believed to be a subsidiary of and/or successor to Defendant, Emigrant Mortgage Company, Emigrant Residential, LLC, f/k/a EMC-LLC,

and/or B/Q Retained Realty, LLC with respect to Brookhaven (Defendants, Emigrant Mortgage Company, Emigrant Residential, LLC, f/k/a EMC-LLC, B/Q Retained Realty, LLC, and Retained Realty, Inc. are collectively sometimes referred to as "Emigrant").

**JURISDICTION:**

7. This Court has jurisdiction to hear this matter under 28 U.S.C. §§157 and 1334, because it arises in the above-captioned bankruptcy case, is related to it, and is a core proceeding.

**FACTS RELEVANT TO ALL COUNTS:**

8. The Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on September 11, 2015.

9. William C. Miller, Esquire, was duly appointed as the Chapter 13 Standing Trustee in the case.

10. The Chapter 13 Trustee held and concluded the §341 meeting of creditors on April 13, 2016.

11. Following the §341 meeting, and upon learning of the claims filed in the case, both the Trustee and Debtor's then-counsel, Anthony Arechavala realized that claims were filed that on their faces exceeded the debt limit for Chapter 13 eligibility pursuant to 11 U.S.C. §109(e), and the Trustee indicated that the case could not likely proceed under Chapter 13 of the Bankruptcy Code.

12. At that time, the Debtor's Chapter 13 Plan had not been confirmed.

13. Pursuant to the Debtor's Motion, the Court entered an Order converting the case to Chapter 11 pursuant to 11 U.S.C. §1307(d) on or about September 1, 2016.

14. When the Debtor was unable to timely reorganize under Chapter 11 of the Bankruptcy Code and for other reasons asserted by the U.S. Trustee, the Court converted the case from Chapter 11 to Chapter 7 of the Bankruptcy Code on March 21, 2017.

15. Upon conversion to Chapter 7, Robert H. Holber, Esquire (hereinafter "Trustee"), was appointed as Chapter 7 Trustee.

16. On or about June 13, 2017, the Trustee filed an Objection to Debtor's Claim of Exemptions, which was settled by Stipulation among the Debtor, Judith Antunes and the Trustee (hereinafter "the Exemption Settlement"), approved by the Court on or about January 17, 2018.

17. Among other provisions of the Exemption Settlement, the Trustee was to sell the Plaintiffs' property at 360 Pineville Road, Newtown, PA ("360 Pineville") and use the proceeds to pay the Plaintiffs' joint creditors, as such claims were allowed by the Court (Plaintiff, Judith Antunes retained the right of first refusal with respect to the 360 Pineville). If the proceeds of the sale of 360 Pineville were insufficient to pay all allowed joint claims in full, the Trustee was further authorized to sell the Plaintiffs' property in 2104 Brookhaven Drive, Yardley, PA ("Brookhaven") to satisfy any remaining allowed joint claims, but was obliged to pay over to Plaintiff, Judith Antunes, her 50% share of the proceeds of any such sale.

18. The Trustee accepted an offer for 360 Pineville in the amount of $450,000.00 from Michael Meister, a neighbor of the Plaintiffs and local developer. Under circumstances more fully described in other pleadings in the case, Michael Meister lowered his offer to $100,000.00.

19. Judith Antunes then exercised her right of first refusal and made a higher offer for 360 Pineville accompanied by a $10,000.00 deposit paid to the Trustee. The funds were drawn

from the Antunes' TD Bank account in which they deposited their regular paychecks after the DIP account was closed.

20. Michael Meister increased his offer, and Judith Antunes, together with the Debtor and other parties negotiated a settlement of the Trustee's Motion to sell 360 Pineville to Michael Meister, Adv. Proc. No. 18-00097, and the prospective disposition of Brookhaven in a comprehensive settlement (hereinafter the "Property Settlement") described to the Court on the record at a hearing on August 15, 2018.

21. As part of the Property Settlement, Judith Antunes tendered an additional deposit paid to the Trustee in the amount of $15,000.00, for a total deposit currently held by the Trustee in the amount of $25,000.00. Again, the funds were drawn from the Antunes' TD Bank account in which they deposited their regular paychecks after the DIP account was closed.

22. Under the terms of the settlement, Judith Antunes would lose the deposit if she could not close on the purchase of 360 Pineville, but not if the Court never approved the Property Settlement".

23. After further proceedings, the Court denied approval of the Property Settlement on November 1, 2018.

24. For the next year and a half, the Trustee took no action to sell Brookhaven pursuant to the Exemption Settlement.

25. In May, 2020, Emigrant sought and was granted relief from the automatic stay to foreclose on Brookhaven. The Trustee failed to object, despite his obligation to sell Brookhaven both to pay the Plaintiff's joint creditors with allowed claims and to pay over to Plaintiff, Judith Antunes, her 50% share of the proceeds of any such sale, under the Exemption Settlement.

26.     The Trustee sought Court approval to employ an appraiser to appraise Brookhaven in July, 2020, which the Court approved on or about August 29, 2020.

27.     By agreement of the parties the appraisal inspection took place on December 10, 2019. The Exemption Settlement provided for the Trustee to send the appraisal to the Antunes, but despite receiving it in mid-January, 2020, the Trustee delayed sending the appraisal to the Antunes for almost a full month until just before a February 14, 2020 Sheriff's Sale of Brookhaven, at which time the Trustee disclosed for the first time that he did not plan to sell Brookhaven and intended to let it be sold at Sheriff's Sale.

28.     The appraisal inexplicably deducted $50,000 from the value of comparable sales to arrive at a valuation of Brookhaven; even with that deduction, Brookhaven showed some residual equity.

29.     Because they were not provided the appraisal promptly as explicitly agreed between counsel upon scheduling the appraisal inspection, the Antunes therefore never had time to obtain an alternative appraisal as provided in the Exemption Settlement, nor were they aware that the Trustee had decided, without telling them, that he had decided to abandon Brookhaven and let the foreclosure sale take place.

30.     The Antunes implored the Trustee to seek a postponement of the Sheriff's Sale, so that they would have an opportunity to obtain their appraisal in accordance with the Exemption Settlement and realize Judith Antunes' share of the equity in Brookhaven.

31.     The Trustee claimed to have made a half-hearted attempt to contact counsel for Emigrant to request a postponement of the sale, but never sought such a postponement in either the Bucks County Court of Common Pleas or the Bankruptcy Court.

32. Upon information and belief, the Trustee and Emigrant communicated and/or collaborated in depriving the Antunes' of their rights under the Exemption Settlement, to the benefit of Emigrant.

33. The Trustee's actions were intentional, reckless, and/or negligent in accepting the faulty appraisal without question, in not informing the Antunes of his decision not to sell Brookhaven until it was too late for them to do anything, and in not abandoning Brookhaven to the Antunes well in advance of the February 14, 2020 Sheriff's Sale.

34. The communication and collaboration between the Trustee and Emigrant had the effect of transferring the Trustee's interest that was being abandoned to Emigrant instead of to the Antunes, as required under the Exemption Settlement and by law.

35. With the Trustee's interest appearing of record until the Sheriff's Sale, it had the effect of suppressing bidding, so that only an Emigrant company bid on the property at the Sheriff's Sale.

36. Subsequent to the Sheriff's Sale, Emigrant has taken several actions against the Antunes intended to deprive them of their possessory rights in the property, or even access to claim their furniture and personal property in Brookhaven, including sending illegal notices and arranging for local police to bar the Antunes from entering Brookhaven.

### COUNT I

37. The facts in paragraphs 1-36 above are realleged and incorporated herein as if set forth in full.

38. The Trustee has no claim to the $25,000.00 deposit paid by Judith Antunes in good faith on the basis that the Trustee would be able to deliver title to 360 Pineville to her.

39. When the Court denied approval of the Property Settlement, it was incumbent upon the Trustee to return the deposit in full just like in any other real estate transaction that cannot be consummated due to no fault of either party.

40. Instead, the Trustee retained the deposit and made claims to the Antunes that he was entitled to retain it, without legal justification.

41. The Antunes made many informal requests for return of the $25,000.00 deposit, but on January 2, 2021, made a formal demand for its return.

42. The demand was ignored until the Trustee first asserted an alternative basis for retaining the deposit in the Motion for Turnover of Property of the Estate and to Impose a Trust upon Assets held by the Trustee to which the Debtor Claims a Possessory Interest, improperly tying its retention to the Trustee's claims in Adv. Proc. No. 18-00097-mdc.

43. The Trustee has no right, title or interest in the deposit, and must return it to the Antunes, with interest from November 2, 2018.

## COUNT II

44. The facts in paragraphs 1-43 above are realleged and incorporated herein as if set forth in full.

45. It was reckless of the Trustee not to abandon Brookhaven promptly to the Debtor and Judith Antunes, so they would have an opportunity to recover any equity in the property.

46. Upon information and belief, the actions of the Trustee and Emigrant, acting in concert and separately, until just before the Sheriff's Sale of Brookhaven deprived the Antunes of the value of their equity in Brookhaven, in that Emigrant was the only bidder because the rights of the Trustee in Brookhaven under the Exemption Settlement discouraged any other bidders from bidding against Emigrant at the February 14, 2020 Sheriff's Sale.

47. The Antunes are entitled to recover their equity in an amount to be determined, no less than $60,000.00, less any anticipated transaction costs, from the Trustee and Emigrant (an Emigrant subsidiary, Defendant, Retained Realty, Inc., is believed to hold current title to Brookhaven.

### COUNT III

48. The facts in paragraphs 1-47 above are realleged and incorporated herein as if set forth in full.

49. The Emigrant Defendants' actions subsequent to the February 14, 2020 Sheriff's Sale have acted to deprive the Plaintiffs' of their continuing possessory rights in Brookhaven.

50. As such, Plaintiffs have lost the reasonable value of that possessory interest and the value of their furniture and other personal possessions that may still be in Brookhaven, but not accessible to them.

51. Plaintiffs seek an order for replevin of their furniture and other personal possessions that may still be in Brookhaven.

### COUNT IV

52. The facts in paragraphs 1-51 above are realleged and incorporated herein as if set forth in full.

53. The Plaintiffs have been damaged by having been prevented from exercising their possessory interest in Brookhaven and by having been prevented from access to and/or the use of their furniture and personal possession in Brookhaven.

54. As such, Plaintiffs have lost the reasonable value of that possessory interest and the value of their furniture and other personal possessions in Brookhaven, and if Plaintiffs'

furniture and personal possessions in Brookhaven have not discarded, destroyed or sold, they are further entitled to recovery of the value thereof.

**WHEREFORE** the Plaintiff/Debtor respectfully requests that the Court:

a. Enter judgment in favor of Plaintiffs and against the Defendant Trustee in the amount of $25,000.00, plus interest, plus attorneys' fees and costs, as allowed;

b. Order Defendant, Robert H. Holber, Esquire, to return the $25,000.00 deposit held in connection with the Property Settlement to the Plaintiffs, with interest, forthwith;

c. Enter judgment against all Defendants in the amount of no less than $60,000.00, with at least $30,000.00 to be disbursed to the Debtor's creditors, and at least $30,000.00 to be paid to Plaintiff, Judith M. Antunes;

d. Enter judgment against all Defendants in an amount to be determined for the value of the Plaintiffs' furniture and personal possessions in the property at 2104 Brookhaven Road, Unit 290, Yardley, PA 19067;

e. Enter an Order for Replevin with respect to the Plaintiffs' furniture and personal possessions in Brookhaven if they have not been discarded, destroyed or sold;

f. Grant such other additional relief as may be just and proper.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083
(610) 446-6800

<u>Attorney for Plaintiffs</u>